IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Shirley W. Brown,                              )
                                               )
                          Plaintiff,           )
                                               )        C.A. No.: 9:06-03449-PMD
v.                                             )
                                               )        **ORDER**
J. Morgan Kearse, as Personal                  )
Representative of the Estate of                )
Jim Grant,                                     )
                                               )
                          Defendant.           )
_____)

This matter is before the court upon J. Morgan Kearse's ("Kearse" or "Defendant"), as

Personal Representative of the Estate of Jim Grant, Motion to Reconsider the court's order dated

March 19, 2007 (Doc. No. 8.)  This order granted Plaintiff's Motion to Remand, finding Defendant

had not timely filed the Notice of Removal.  (Order at 8-9.)

In Defendant's Motion to Reconsider, he argues Defendant is the brother-in-law of Plaintiff's

counsel and that Defendant "did not timely forward the[] pleadings to the decedent's carrier or the

undersigned attorneys."  (Mot. to Reconsider at 1.)  The Motion to Reconsider also states, "The

undersigned attorneys can reach no other conclusion but that there was a concerted effort by these

relatives to prevent timely removal of this case from State Court in Hampton County to this Court."

(Mot. to Reconsider at 1.)  Defense counsel asserts this information was not previously brought to

the court's attention because "[f]rankly, . . . the undersigned attorneys believed that they had other

legal grounds to oppose the Motion to Remand and hoped not to have to make such an argument."

(Mot. to Reconsider at 1.)  Plaintiff opposes the Motion to Reconsider, asserting that "once this

Court issued its Order remanding the case, the Court lost jurisdiction over this case."  (Resp. in

1

Opp'n at 1.)  Citing *In re Lowe*, 102 F.3d 731 (4th Cir. 1996), Plaintiff asserts the court's order is "immune" from reconsideration.  (Resp. in Opp'n at 2.)

Before addressing the merits of Defendant's Motion to Reconsider, the court must first determine whether it has jurisdiction to do so.  In *Lowe*, a magistrate judge granted the plaintiff's motion to remand because it found the court lacked jurisdiction as there was not complete diversity between the parties.  *Lowe*, 102 F.3d at 732-33.  Subsequently, a different magistrate judge granted the defendants' motion to reconsider, finding that the defendant destroying complete diversity had been fraudulently joined.  *Id*. at 733.  The magistrate judge then denied the plaintiff's motion to remand, and after the district court refused to certify the issue for interlocutory appeal, the plaintiff petitioned for a writ of mandamus.  *Id*.

After concluding that "mandamus is a proper remedy if we find that the district court acted beyond its jurisdiction," the court turned to the issue on appeal: "whether the district court exceeded its jurisdiction when it reconsidered its remand order, after the entry of that order but before the clerk sent a certified copy of the order to the state court."  *Id*. at 733-34.  In addressing this issue, the Fourth Circuit first examined the language of 28 U.S.C. § 1447 (c) and (d).  *Id*. at 734.  Subsection (c) states,

> **(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).  Furthermore, subsection (d) states,

> **(d)** An order remanding a case to the State court from which it was removed is not

reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

*Id*. § 1447(d).

The Fourth Circuit stated,

> Indisputably, "otherwise" in § 1447(d) includes reconsideration by the district court.
> There are a few exceptions to the general rule that remand orders are not reviewable. For example, remand orders in civil rights cases are reviewable, and remand orders in certain other cases are reviewable under the rationale set forth in *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 345-52, 96 S. Ct. 584, 590-94, 46 L.Ed.2d 542 (1976). The *Thermtron* doctrine holds that remand orders that do not rely on factors enumerated in § 1447(c), *i.e.*, a defect in removal procedure or the lack of subject matter jurisdiction, are not subject to the § 1447(d) bar to review.

*Lowe*, 102 F.3d at 734 (internal quotation marks and citations omitted). Using these principles, the Fourth Circuit determined that because the magistrate judge granted the motion to remand for lack of jurisdiction, the court did not have jurisdiction to review that order. *Id*; *see also Three J. Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112 (4th Cir. 1979) (remanding a case where the first order granted the motion to remand for lack of jurisdiction, the court subsequently declared this order void, and then entered another order denying the motion to remand).

As the case *sub judice* is not a civil rights case, the court must examine the *Thermtron* doctrine to determine if this court's order dated March 19, 2007 is reviewable by this court. *See Lowe*, 102 F.3d at 734; *see also Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). In *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996), the Supreme Court stated,

> As we held in *Thermtron Products*, . . . and reiterated this Term in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127, 116 S. Ct. 494, 497, 133 L.Ed.2d 461 (1995), "§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." This gloss renders § 1447(d) inapplicable here: The District Court's abstention-based remand order does not fall into either category of remand order

3

described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure.

*Quackenbush*, 517 U.S. at 711-12[1]; *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995) ("If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under § 1441(a) or § 1452(a).").

      In *In re the Administrators of the Tulane Educational Fund*, 954 F.2d 266 (5th Cir. 1992), the Fifth Circuit noted that applying *Thermtron* "is difficult because § 1447(c) has been amended since that case was decided." *Adm'rs of the Tulane Educ. Fund*, 954 F.2d at 268. At the time *Thermtron* was decided, § 1447(c) provided, "If at any time before final judgment it appears that the case was removed *improvidently and without jurisdiction*, the district court shall remand the case.

_____

[1] In *Quackenbush*, the district court remanded the case to state court, observing that the state of California "has an overriding interest in regulating insurance insolvencies and liquidations in a uniform and orderly manner." *Quackenbush*, 517 U.S. at 709-10. The Ninth Circuit vacated the district court's order and held that "abstention-based remand orders are appealable." *Id*. at 710. The Supreme Court affirmed the Ninth Circuit's judgment on grounds differing from those articulated by the Ninth Circuit, but the Court agreed with the Ninth Circuit and the parties "that § 1447(d) interposes no bar to appellate review of the remand order at issue in this case." *Id*. at 711.

      In *Thermtron*, the defendants removed the case, but the district court remanded it because it had reviewed its civil docket and found "that there is no available time in which to try the above-styled action in the foreseeable future" and that an adjudication of the merits would be expedited in state court. *Thermtron*, 423 U.S. at 338. The petitioners then sought a writ of mandamus from the Court of Appeals for the Sixth Circuit, but the court concluded it "had no jurisdiction to review that order or to issue mandamus because of the prohibition against appellate review contained in 28 U.S.C. § 1447(d)." *Id*. at 341-42. The Court stated that pursuant to § 1447 (c) and (d), "[i]f a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." *Id*. at 343. However, if the judge remands a case on a different ground, that order is subject to challenge. *See Quackenbush*, 517 U.S. at 711-12 (citing *Thermtron*, 423 U.S. 336).

. . ." *Id*. at 268 n.2.  The Fifth Circuit determined that the changes Congress made to § 1447(c) in 1988 reflected an

> intent to delete improvident removal as an unreviewable basis for remand, at least when a motion to remand based on such improvident removal is made outside the 30-day time limit.  This leaves remand orders for lack of subject matter jurisdiction as the only clearly unreviewable remand orders.

*Id*. at 269 (quoting *In re Shell Oil Co.*, 932 F.2d 1518, 1520 (5th Cir. 1991)).  *In re the Administrators of the Tulane Educational Fund* was decided before the Supreme Court's opinion in *Quackenbush*, however, and in *Quackenbush*, the Supreme Court stated that the remand orders banned from review are those "based on lack of subject matter jurisdiction or defects in removal procedure." *Quackenbush*, 517 U.S. at 712; *see also Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442, 1455 (4th Cir. 1996) (noting in the body of the opinion that "[i]f the district court orders remand for a reason not authorized by 28 U.S.C. § 1447(c), the remand order may be challenged in the court of appeals by a petition for a writ of mandamus," and noting in a footnote that "[t]he authorized reasons for remand are 'defect in removal procedure' and 'lack of subject matter jurisdiction'" (quoting 28 U.S.C. § 1447(c))).

In its order dated March 19, 2007, the court did not determine it lacked subject matter jurisdiction over the matter.  Rather, the court determined remand was proper because Defendant had not timely filed the Notice of Removal pursuant to 28 U.S.C. § 1446(b).  Section 1447(c) specifically states, "A motion to remand the case on the basis of **any defect** other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a)."  28 U.S.C. § 1447(c) (emphasis added).  "An untimely removal notice or any failure to comply with the requirements of 28 U.S.C. § 1446(b) constitutes a 'defect in removal procedure.'" *Ratliff v. Workman*, 274 F. Supp. 2d 783, 784 (S.D. W. Va. 2003) (quoting *Bazilla v.*

5

*Belva Coal Co.*, 939 F. Supp. 476, 477 (S.D. W. Va. 1996)).  In a case decided after *Thermtron* but before the 1988 amendment to § 1447(c), the Fourth Circuit held that it had no jurisdiction over an appeal of a district court's order remanding a case when the judge found that the case was not timely removed.  *See Wilkins v. Rogers*, 581 F.2d 399, 402-03 (4th Cir. 1978).  The court stated,

> 28 U.S.C. § 1447(d) provides that "(a)n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ."  Wilkins argues that, notwithstanding this language, Thermtron opens the door to review of any remand order which is alleged to be improper.  We decline to read Thermtron this broadly.  Thermtron held only that remand orders issued on grounds not authorized by 28 U.S.C. § 1447(c) are appealable; the Supreme Court, however, re-emphasized that "remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)." 423 U.S. at 346, 96 S. Ct. at 590.  The invocation of 28 U.S.C. § 1447(c) is proper where the district court finds that the petition for removal was not timely filed.  *Jennings v. Cantrell*, 392 F. Supp. 563 (E.D. Tenn. 1974); *Perrin v. Walker*, 385 F. Supp. 945 (E.D. Ill. 1974).  Therefore, we are governed by 28 U.S.C. § 1447(d) and have no jurisdiction over this appeal.

*Wilkins*, 581 F.2d at 403.  Although § 1447(c) has been amended since the Fourth Circuit's opinion in *Wilkins*, this court's remand order based on its determination that the notice of removal was untimely is not reviewable on appeal or otherwise.  *See Maryland v. Riffin*, No. 07-1006, 2007 WL 869135, at *1 (4th Cir. Mar. 21, 2007) (dismissing the appeal for lack of jurisdiction when appellant sought review of district court's order remanding action to state court because appellant's notice of removal was untimely).  Accordingly, Defendant's Motion to Reconsider must be denied.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendant's Motion to Reconsider is **DENIED**.

6

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 6, 2007**